# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

**DALE WHITE**            **PLAINTIFF**

v.            **CAUSE NO.**_____

**MOW IT RIGHT, LLC; CHRIS FOWLER; and MELINDA FOWLER,**            **DEFENDANTS**

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and for this his Complaint would allege as follows:

1. Plaintiff brings this action on his own behalf pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

### PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is an adult natural person residing in DeSoto County, Mississippi, and may be served with process via the undersigned counsel.

3. Defendant Mow It Right, LLC is a Mississippi limited liability company organized pursuant to the Mississippi Limited Liability Company Act, and subject to this Court's jurisdiction through the Tennessee Long Arm Statute, and may be served with process through their registered agent, Chris T. Fowler, at 1597 Wood Lane Drive, Olive Branch, Mississippi 38654. Upon information and belief, Defendants Chris and Melinda Fowler are natural persons residing in Desoto County, Mississippi, and therefore subject

1

to this Court's jurisdiction under the Tennessee Long Arm Statute, and may both be served with process at 1597 Wood Lane Drive, Olive Branch, Mississippi 38654.

4. This Court has jurisdiction over the subject matter of this Complaint because the claims asserted arise under a federal statute, conferring federal question jurisdiction under 28 U.S.C. § 1332.

5. Venue is proper in the court, as the events and injuries claimed in this Complaint took place within the geographic jurisdiction of this Court.

## GENERAL ALLEGATIONS OF FACT

6. Plaintiff White was hired by the Defendants as a mower on or around April 2011.

7. At all times Plaintiff White performed the duties of his job satisfactorily.

8. Plaintiff's job duties were to mow yards as directed by Defendants, drive a work truck as directed by Defendants, and provide maintenance and support over the off-season.

9. Plaintiff was at certain times paid an hourly rate.

10. When paid hourly, Plaintiff routinely worked in excess of 40 hours per week.

11. Defendants willfully never paid one and a half times the regular hourly rate for hours in excess of 40, in violation of 29 U.S.C. § 207(a).

12. At other times, Plaintiff was paid a piece rate.

13. When working at a piece rate, Plaintiff routinely worked in excess of 40 hours per week.

14. Defendants willfully never paid the overtime premium required for hours worked in excess of 40 per week when the Plaintiff was paid a piece rate, in violation of 29 U.S.C. § 207(a)(1).

15. When Plaintiff was paid a piece rate, Defendants did not keep track of their hours worked, in violation of 29 U.S.C. § 211(c).

16. The work of White was jointly directed and controlled by all Defendants, who upon information and belief, also had joint power to hire and fire, jointly set pay rates, and were jointly responsible for maintaining employment records.

17.  Upon information and belief, Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Due to the Defendants' willful violations of the maximum hours provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a), White has suffered an amount of lost wages to be proven at trial.

19. White also requests liquidated damages in a like amount as their lost wages and an award of attorney's fees and costs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the following relief:

a) Declaratory judgment that Defendants are jointly and severally liable for all damages proximately caused by their wrongful conduct.

b) Declaratory judgment that Defendants violated the Fair Labor Standards Act.

c) Lost wages for the hours of work White worked for which he was not properly compensated.

d) Liquidated damages in the same amount as White's lost wages for the hours of work he worked for which he was not properly compensated.

f) Pre-judgment and post-judgment interest.

g) Reasonable attorney's fees and costs.

        Respectfully submitted,

        HOLLAND & HISAW
        Attorneys at Law
        3010 Goodman Road West
        Suite A
        Horn Lake, Mississippi 38637
        (662) 342-1333
        (662) 342-7321 FAX
        Attorney for Plaintiff

By:   /s/ *J. Wesley Hisaw*_____
      J. Wesley Hisaw, TN BPR No. 024991
      jwhisaw@hollandlaw.net