IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DALE WHITE,**

    **Plaintiff,**

v.                                                   Case 2:18-cv-02699-cgc

**MOW IT RIGHT, LLC;**
**CHRIS FOWLER; and,**
**MELINDA FOWLER,**

    **Defendants.**

---

**ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND
COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF
JURISDICTION AND/OR IMPROPER VENUE**

---

Before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue or, in the Alternative, to Transfer Venue (Docket Entry ("D.E.") #20, #21) and Plaintiff's request to amend his Complaint to cure any deficiencies therein (D.E. #22). The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #28). For the reasons set forth herein, Plaintiff's request to amend his Complaint is hereby GRANTED and Defendants' Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue or, in the Alternative, to Transfer Venue, is hereby DENIED.

1

## I. Introduction

### a. *Plaintiff's Complaint*

On October 10, 2018, Plaintiff Dale White ("White" or "Plaintiff") filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). (Compl. ¶ 1). Plaintiff alleges that he resides in Desoto County, Mississippi.[1] Plaintiff alleges that Defendant Mow It Right, LLC ("Mow It Right") is a Mississippi limited liability company organized pursuant to the Mississippi Limited Liability Company Act. (*Id*. ¶ 3). Plaintiff alleges that, upon information and belief, Defendants Chris and Melinda Fowler (the "Fowlers") reside in Desoto County, Mississippi. (*Id.*) Plaintiff alleges that Mow It Right and the Fowlers are all subject to this Court's jurisdiction through the Tennessee Long Arm Statute and may be served with process through their registered agent, who is located in Olive Branch, Mississippi. (*Id.*)

Plaintiff alleges that the Court has jurisdiction over the subject matter of this Complaint because the claims asserted arise under a federal statute, conferring federal question jurisdiction under 28 U.S.C. § 1332. (*Id*. ¶ 4). Plaintiff further alleges that venue is proper "as the injuries claimed in this Complaint took place within the geographic jurisdiction of this Court." (*Id*. ¶ 5).

Plaintiff alleges that Defendants hired him as a mower on or about April 2011. (*Id*. ¶ 6). Plaintiff alleges that his job duties "were to mow yards as directed by Defendants, drive a work truck as directed by Defendants, and provide maintenance and support over the off-season." (*Id*.

---

[1] Defendants assert in the instant motion that, upon information and belief, Plaintiff recently moved from DeSoto County, Mississippi to Tate County, Mississippi. Defendants support this assertion with the declarations of Chris Fowler, Melinda Fowler, Kaylee Fowler, Michael Key, Amanda Howe, Anthony Tuggles, and Allen Whaley. (*See* C. Fowler Decl. ¶ 6; M. Fowler Decl. ¶ 6; K. Fowler Decl. ¶4; M. Key Decl. ¶ 4; A. Howe Decl. ¶ 4; A. Tuggles Decl. ¶ 4; A. Whaley Decl. ¶ 4). Defendants advise, and this Court acknowledges, that both DeSoto County, Mississippi and Tate County, Mississippi are within the territorial limits of the Oxford Division of the United States District Court for the Northern District of Mississippi. *See* 28 U.S.C. § 104(a)(2).

¶ 8). Plaintiff alleges that his work was jointly directed and controlled by all Defendants who, upon information and belief, also had joint power to hire and fire, jointly set pay rates, and were jointly responsible for maintaining employment records. (*Id*. ¶ 16).

### *b. Defendants' Motion to Dismiss*

Defendants filed the instant motion seeking one of three remedies—dismissal for lack of personal jurisdiction; dismissal for improper venue; or, a transfer of venue to the United States District Court for the Northern District of Mississippi. Defendants filed this motion pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a) or § 1406. Defendants argue that the Complaint "lacks even a single factual allegation as to where Plaintiff performed the duties of his employment and where he received payment for his work." (Def.'s Memo. In Support of Mot. for Summ. J. ("Def.'s Memo.") at 2).

In support of the instant motion, Defendants have filed declarations of the Fowlers as well as those of five other employees—Kaylee Fowler, Michael Key, Amanda Howe, Anthony Tuggles, and Allen Whaley. The declarations provided demonstrate as follows. Chris and Melinda Fowler live in Desoto County, Mississippi, and Mow It Right has only one office and physical location in Olive Branch, DeSoto County, Mississippi. (Def.'s Memo. at 2 (citing C. Fowler Decl. ¶¶ 1-2; M. Fowler Decl. ¶¶ 1-2; K. Fowler Decl. ¶ 2; M. Key Decl. ¶ 2; M. Key Decl. ¶ 3; A. Howe Decl. ¶ 3; A. Tuggles Decl. ¶ 3; A. Whaley ¶ 3)). Mow It Right "provides lawn care services in DeSoto County, Mississippi and Shelby County, Tennessee." (C. Fowler Decl. ¶ 5; M. Fowler Decl. ¶ 5; K. Fowler Decl. ¶ 3; M. Key Decl. ¶ 3; A. Howe ¶ 3; A. Tuggles Decl. ¶ 3; A. Whaley ¶ 3).

Mow It Right's records "show that over the course of Plaintiff's employment . . . approximately 90 percent of the lawn-cutting work Plaintiff did for Mow It Right was performed in Desoto County, Mississippi." (*Id.* (citing C. Fowler & M. Fowler Decl's. ¶ 7; K. Fowler, A. Whaley, A. Tuggles, A. Howe, M. Key & A. Tuggles Decl's. ¶ 5). Mow It Right's payroll functions are all handled at its Olive Branch, DeSoto County, Mississippi location. *Id.* (citing C. Fowler & M. Fowler Decl's. ¶ 5, 9; K. Fowler, A. Whaley, A. Tuggles, A. Howe & M. Key Decl's. ¶ 7). Plaintiff's paychecks, like the paychecks of all Mow It Right employees, were issued by Mow It Right's office in Olive Branch, Mississippi. (C. Fowler Decl. ¶ 9; M. Fowler Decl. ¶ 9; K. Fowler Decl. ¶ 7; M. Key Decl. ¶ 7; A. Howe Decl. ¶ 7; A. Tuggles ¶ 7).

   *c.* ***Plaintiff's Response***

In response to Defendants' Motion, Plaintiff initially asserts that it is procedurally defective because it was filed after the responsive pleading in this matter. Plaintiff avers that this Court could construe the untimely Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure; however, Plaintiff argues that such a motion is not an ideal vehicle for determining whether the Court lacks personal jurisdiction as Defendants have offered declarations outside the pleadings in support of the motion. Plaintiffs further assert that the motion could be construed as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; however, Plaintiff states that such a motion is premature as further discovery should be allowed in advance of such a motion pursuant to Rule 56(d) and that, even if the Court were to so construe it, it should be denied.

With respect to the merits of the motion, Plaintiff asserts that this Court may exercise personal jurisdiction over Defendants because, "[e]ven though it may [be] true that a substantial

part of the events giving rise to plaintiff['s] claims occurred outside the [western] district of Tennessee," "Plaintiff routinely went into Tennessee when working" for Defendants. (Pl.'s Resp. at 6, 10). Accordingly, Plaintiff argues that Defendants maintained continuous and systematic contacts with the state of Tennessee sufficient to establish personal jurisdiction.

Plaintiff further argues that venue is appropriate because a substantial part of the events giving rise to the claim occurred within the jurisdiction of this Court in accordance with 28 U.S.C. § 1391. Plaintiff opines that Defendants made no attempt to show that a transfer of venue would be proper and that none of the factors governing transfer under 28 U.S.C. § 1404(a) support it.

Finally, Plaintiff argues that, even if Defendants were correct that the Complaint does not contain sufficient well-pleaded allegations to give rise to an inference of personal jurisdiction, granting him leave to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is the appropriate remedy. As such, Plaintiff has attached a Proposed Amended Complaint aimed at curing the alleged defects in pleading jurisdiction. The Proposed Amended Complaint sets forth that "Plaintiff performed at least some of his work in Shelby County, Tennessee." (Prop. Am. Compl. ¶ 9, filed at D.E. #23-3).

Plaintiff has also attached his own declaration and that of his attorney, Matthew Reid Krell ("Krell"). Plaintiff states that he is a resident of Desoto County, Mississippi and is a former employee of Mow It Right, Chris Fowler, and Melinda Fowler. (Pl.'s Decl. ¶¶ 1-2). Plaintiff states that, during his employment, he "routinely and frequently worked in the State of Tennessee." (*Id*. ¶ 3). He further states that some of his claim for unpaid wages is based upon the time he spent working in Tennessee. (*Id*. ¶ 4).

Krell's declaration states that, as of the date it was filed, no scheduling conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure had been held in the instant case because Defendants did not file a responsive pleading until March 22, 2019. (Krell Decl. ¶ 3).[2] Krell states that Plaintiff "forbore defaulting Defendants because Defendants' counsel represented that the case would be impossible to settle if Defendants were defaulted" but that, even so, settlement negotiations thus far have failed. (*Id*. ¶¶ 4-5). Krell states that, because no discovery could be served prior to the Rule 26(f) conference, no written discovery or depositions had been conducted at the time of the filing of the motion and response. (*Id*. ¶ 6).[3]

### d. *Defendants' Reply*

Defendants Reply asserts that it asserted the defense of lack of personal jurisdiction in their Answer and, therefore, it can be raised in a nearly simultaneously filed Motion to Dismiss. (Def.s' Reply at 3). Defendants assert that this motion need not be construed as anything other than a Rule 12 motion. (*Id*. 3). Defendants restate that the burden rests upon the Plaintiff to establish jurisdiction and venue and that he is unable to do so. (*Id*. at 3-4) Finally, Defendants assert that Plaintiff's request to amend his Complaint is "an effort to facilitate his forum shopping" and that the "Declarations submitted by the Defendants rebut the vague allegations of the Complaint and [Proposed] Amended Complaint." (*Id*. at 3)

---

[2] The Scheduling Conference in this matter was subsequently held on May 29, 2019. A Scheduling Order was entered the same day. (*See* D.E. #29-#31).

[3] Discovery has proceeded following the Scheduling Conference and entry of the Scheduling Order. (*See* D.E. #32-#35).

## II. Analysis

Although the motion filed in this case seeks the relief of dismissal or transfer, Plaintiff has responded by seeking the opportunity to amend his Complaint. The Court finds that the threshold question, therefore, is whether any such amendment should be allowed.

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. A motion for leave to amend should be granted unless there is a reason for the denial, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff has not demonstrated undue delay, as his request to amend his Complaint was filed only fourteen days after Defendants' motion, the Rule 26(f) Scheduling Conference had not yet occurred, and no discovery had begun. There is no evidence of bad faith or dilatory motive on Plaintiff's behalf. Plaintiff has also not repeatedly failed to cure deficiencies, as he has not yet amended his Complaint. The Court further does not find any undue prejudice to the opposing party by virtue of allowance of the amendment.

The final question as to whether an amendment is proper is whether it would be futile. With respect to the substance of the proposed amendment, the plaintiff bears the burden of making a prima facie showing of the court's personal jurisdiction over the defendants. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). For this

Court to exercise personal jurisdiction, it must find that either general or specific personal jurisdiction exists. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017).

General jurisdiction exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp.*, 428 F.3d at 615 (citing *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Bristol-Myers* Squibb, 137 S. Ct. 1780 (quotations and citations omitted). For a corporation or, by extension, a limited liability company, general jurisdiction is generally based on the place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Magna Powertrain De Mexico S.A. de C.V. v. Momentive Performance Materials USA, LLC*, 192 F. Supp. 3d 824, 828 (E.D. Mich. 2016).

Specific personal jurisdiction is derived from the case or controversy that establishes subject matter jurisdiction. *Bristol-Myers Squibb*, 137 S. Ct. at 1780. "An exercise of personal jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp.*, 428 F.3d at 615 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). In *Southern Machine Company v. Mohasco Industries, Inc.*, the United States Court of Appeals for the Sixth Circuit promulgated a three-prong test that not only guides the determination of whether specific jurisdiction exists but also protects the due process rights of a defendant. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The *Southern Machine* test provides as follows:

8

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id*.

Where, as here, a courts subject matter jurisdiction is based on a federal question, "'personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[s] due process." *Cmty. Trust Bancorp, Inc. v. Cmty. Trust. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (brackets in original)). If, as is the case in Tennessee, *see Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993), the state long-arm statute "'extends to the limits imposed by federal constitutional due process requirements[,] . . . the two questions become one.'" *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *AlixPartners LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016)).

Tennessee's long-arm statute provides as follows:

(a) Persons who are nonresidents of this state . . . are subject to the jurisdiction of the courts of this state as to any action or claim arising from:

(1) The transaction of any business within this state;

. . . .

(5) Entering into a contract for services to be rendered . . . in this state[.]

Tenn. Code Ann. § 20-2-214(a)(1), (a)(5). "Persons" as used in this section "includes corporations and all other entities that would be subject to service of process if present in this state. *Id*. § 20-2-214(b).

Here, Plaintiff's Proposed Amended Complaint does not clearly establish general personal jurisdiction. Plaintiff alleges that Defendants Chris Fowler and Melinda Fowler maintain their domicile in DeSoto County, Mississippi. (Prop. Am. Compl. ¶ 3). Plaintiff does not allege where Defendant Mow It Right's principal place of business is located; however, Plaintiff only alleges its connections to Mississippi—namely, that it is a Mississippi limited liability company organized pursuant to the Mississippi Limited Liability Company Act and may be served through its registered agent in Olive Branch, Mississippi. Further, Plaintiff does not allege that Defendants maintained continuous and systematic contacts with the State of Tennessee of the nature to establish general personal jurisdiction.

However, with respect to specific personal jurisdiction, Plaintiff's Proposed Amended Complaint alleges that "Plaintiff performed at least some of his work in Shelby County, Tennessee." (Prop. Am. Compl. ¶ 9). Plaintiff also adds, with respect to venue, that "the events an injuries claimed in this Complaint took place within the geographic jurisdiction of this Court." (*Id.* ¶ 5). Such allegations constitute both "transaction of any business" and "entering into a contract for services to be rendered" in Tennessee. Thus, Plaintiff's Proposed Amended Complaint alleges that Defendants are subject to service of process under Tennessee's long-arm statute. *See Cmty. Trust Bancorp, Inc. v. Cmty. Trust. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (brackets in original)). As Plaintiff's allegations have satisfied the long-arm statute, Plaintiff's Proposed Amended Complaint alleges that personal jurisdiction exists in the instant matter. It is therefore not futile, and the proposed amendment shall be granted.

## III. Conclusion

For the reasons set forth herein, Plaintiff's request to amend his Complaint shall be GRANTED. Plaintiff shall file his Amended Complaint with the Court within fourteen (14) days of the entry of this Order. Defendant shall file its answer or otherwise plead within fourteen (14) days of receipt of the Amended Complaint. Furthermore, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue or, in the Alternative, to Transfer Venue is DENIED.

**IT IS SO ORDERED** this 16th day of August, 2019.

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE